IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
_____
                               )
THE QUEEN'S MEDICAL CENTER,     )
                               )
                  Plaintiff,    )
                               )
         vs.                    )    Civ. No. 12-00565 ACK-KSC
                               )
KAISER FOUNDATION HEALTH PLAN,  )
INC., STRATOSE, INC., formerly  )
known as COALITION AMERICA,     )
INC., HEALTH MANAGEMENT NETWORK,)
INC., JOHN DOES 1-100, JANE DOES)
1-100, DOE PARTNERSHIPS 1-100,  )
DOE CORPORATIONS 1-100, and DOE )
ENTITIES 1-100                  )
                               )
                  Defendants.   )
_____
```

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT STRATOSE, INC.'S EX PARTE MOTION TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER SEAL**

On February 26, 2014, Defendant Stratose, Inc.

("Stratose") filed an Ex Parte Motion to File Defendant Stratose,

Inc.'s Motion for Partial Summary Judgment Under Seal ("Motion to

Seal").[1/] (Doc. No. 136.) The Motion to Seal requested leave to

_____

[1/] On February 27, 2014, the Court ordered that Stratose submit to the Court for review (1) copies of the documents it wishes to file under seal, and (2) further briefing regarding how, specifically, those documents comply with the provisions of the Protective Order, as well as the standard articulated by the Ninth Circuit in Kamakana v. City & County of Honolulu, 447 F.3d 1172 (9th Cir. 2006). (Doc. No. 137.) On the same day, Stratose provided the Court with copies of the documents it seeks to file under seal, along with a brief cover letter. On March 10, 2014,
(continued...)

file under seal Stratose's Motion for Partial Summary Judgment, Concise Statement of Facts, and the Exhibits A through J attached thereto. On March 19, 2014, in response to the Court's requests for supplemental briefing (Doc. Nos. 137, 146), Stratose filed a supplemental memorandum in support of the Motion to Seal, as well as a number of documents with proposed redactions. (Doc. No. 147.) In the supplemental memorandum Stratose states that it seeks the Court's permission to file redacted copies of its Memorandum in Support of its Motion for Partial Summary Judgment, its Concise Statement of Facts, and Exhibits A, B, C, E, F, G, and H. Stratose appears to abandon its request to file under seal the Motion for Partial Summary Judgment and Exhibits D, I, and J. (Supp. Mem. at 2.)

Exhibit A is a contract between Plaintiff Queen's Medical Center ("Queen's") and Health Management Network Inc. ("HMN"). Exhibit B is a contract between HMN and Coalition America, Inc. Exhibit C is a copy of the Client Services Agreement between Kaiser Foundation Health Plan, Inc. ("Kaiser") and Coalition America, Inc., now known as Stratose. Exhibits E and F are sets of client lists from HMN. Exhibits G and H are

---

[1]/ (...continued) the Court again ordered Stratose to submit to the Court further briefing addressing how the documents to be filed under seal complied with the <u>Kamakana</u> standard. (Doc. No. 146.) Stratose subsequently filed a supplemental memorandum addressing the <u>Kamakana</u> standard. (Doc. No. 147.)

examples of repricing transmittals sent from Stratose to Kaiser and Queens, respectively.

Stratose argues that the memorandum, concise statement, and attached exhibits should be filed under seal because they contain confidential and sensitive trade secret and business information subject to the Stipulated Confidentiality Agreement and Protective Order filed in this case on January 3, 2013 ("Protective Order"). (Doc. No. 35.) Under the terms of the Protective Order, a party may designate documents as "confidential" if a party or nonparty has "a good faith belief that the item so designated constitutes (1) a trade secret, (2) other confidential or proprietary technical, financial, development, or commercial information, or (3) [Health Insurance Portability and Accountability Act] Protected Medical Information." (Protective Order at 3 ¶ 3, Doc. No. 35.) The Protective Order also provides that a party may request the Court to grant leave for a party to file said confidential documents under seal. (Id at 7 ¶ 8.)

Due to the common law "general right to inspect and copy public records and documents, including judicial records and documents," there is a "strong presumption" in favor of maintaining public access to judicial records that are not of a type "traditionally kept secret for important policy reasons." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th

-3-

Cir. 2006); see also Doe v. Kamehameha Schools, 596 F.3d 1036,

1042 (9th Cir. 2010). Dispositive motions, "including motions for

summary judgment and related attachments," are not the type of

documents traditionally kept secret. Kamakana, 447 F.3d at 1179.

Rather, open access to dispositive motions is "at the heart of

the interest in ensuring the 'public's understanding of the

judicial process and of significant public events.'" Id.

Accordingly, a party seeking to seal a motion for summary

judgment and its supporting documents bears the burden of

overcoming the strong presumption in favor of public access by

"articulating compelling reasons that outweigh the general

history of access and the public policy favoring disclosure."

U.S. v. Business of Custer Battlefield Museum, 658 F.3d 1188,

1194 (9th Cir. 2011)(internal quotes omitted).

> In general, "compelling reasons" sufficient to
> outweigh the public's interest in disclosure and
> justify sealing court records exist when such
> "court files might have become a vehicle for
> improper purposes," such as the use of records to
> gratify private spite, promote public scandal,
> circulate libelous statements, or release trade
> secrets. The mere fact that the production of
> records may lead to a litigant's embarrassment,
> incrimination, or exposure to further litigation
> will not, without more, compel the court to seal
> its records.

Kamakana, 447 F.3d at 1179. The "compelling reasons" standard is

decidedly more stringent than the "good cause" standard

applicable to non-dispositive motions and documents produced in

discovery. Id. at 1180.

-4-

Importantly, as the Ninth Circuit made clear in Kamakana, a Stipulated Protective Order limiting access to discovery documents does not relieve a party from satisfying the "compelling reasons" test when that discovery is later utilized in a dispositive motion. See id at 1183. Further, a party moving to file documents under seal is required to provide "specific compelling reasons" to justify doing so. Id. at 1183-84. "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." Id. at 1184.

Here, Stratose asserts that there are compelling reasons for filing Exhibits A, B, C, E, F, G, and H under seal. Exhibits A (the contract between Queen's and HMN) and B (the contract between Stratose and HMN) both contain provisions revealing prices, payment terms, and the services covered by the contracts. Exhibits E and F contain confidential client lists. Stratose notes that this Court, in its April 24, 2013 Order Granting Defendant Kaiser's Motion to Seal, granted Kaiser permission to file with redactions Kaiser's Exhibits 9 and 13, which are identical to the instant Exhibits A and B. (Doc. No. 65 ("4/24/13 Order") at 3-4.) Further, the Court allowed Kaiser to file redacted versions of Exhibits 11 and 11A, which were nearly identical (except for some formatting changes) to Exhibits E and F here. (See id.; Supp. Mem. at 3-4.) Kaiser had argued, as

-5-

Stratose argues here, that competitors could obtain competitive advantages by learning the terms of the contracts and the identities of the parties' clients. (4/24/13 Order at 3.)

In the 4/24/13 Order, the Court noted that a compelling reason may exist when a record may improperly be used to "release trade secrets." Kamakana, 447 F.3d at 1179. The Court here, as it did in its 4/24/13 Order, finds that the contracts and customer lists presented qualify for trade secret protection pursuant to Kamakana. Cf. Clark v. Bunker, 453 F.2d 1006, 1009 (9th Cir. 1972) (noting that "legal forms, advertising methods, and sales techniques" that gave a business a marked advantage over competitors qualified for trade secret protection). Accordingly, under Kamakana v. City & County of Honolulu and Rule 83.12 of the Rules of the United States District Court for the District of Hawaii, the Court concludes that there are compelling reasons for sealing Exhibits A, B, E, and F, because such exhibits contain confidential and sensitive business information that may be used for improper purposes.

In the 4/24/13 Order, the Court limited Kaiser's redactions of Exhibits 9 and 13 (Exhibits A and B here), noting that, according to Local Rule 83.12(c), "the parties shall make every attempt to seal only confidential information and allow filings to be open to public inspection to the fullest extent possible." The Court therefore ordered that Kaiser file Exhibits

9 and 13 with only the sensitive business information redacted because Kaiser had presented no compelling reason to redact general contract terms and provisions (e.g. severability, governing law clauses, etc.). Stratose proposes here to file Exhibits A, B, E, and F with the same redactions made previously by Kaiser; however, it appears that Stratose has redacted more of Exhibit A here than was redacted in Exhibit 9, filed with this Court on April 26, 2013. (See Doc. No. 69-2.) The Court sees no compelling reason to allow redactions for information that has already been made publicly available through the filing of Kaiser's Exhibit 9. Accordingly, the Court orders Stratose to remove redactions for information already disclosed by Kaiser and file Exhibit A with redactions of only that sensitive business information that was redacted in Kaiser's Exhibit 9.

The Court also notes that, in the redacted versions of Exhibits E and F filed with the Court here, it appears that Stratose has not effectively redacted all of the information that was redacted in Kaiser's Exhibits 11 and 11A. Stratose should therefore ensure its method of redaction is effective prior to filing redacted versions of Exhibits E and F pursuant to Local Rule 83.12.

As to Exhibit C, Stratose notes that it is a contract similar to Exhibits A and B, and similarly contains sensitive business information that should likewise qualify for trade

secret protection under <u>Kamakana</u>. The Court agrees. Exhibit C, like Exhibits A and B, sets forth prices, payment terms, and services to be covered, all of which may be used by Stratose's competitors to gain competitive advantages. As such, the Court concludes that there are compelling reasons for sealing Exhibit C. As the Court notes above, however, Exhibit C may only be redacted to the extent necessary to protect sensitive business information, as Stratose has provided no compelling reason to redact general contract terms and provisions. <u>See</u> Local Rule 83.12(c) ("[T]he parties shall make every attempt to seal only confidential information and allow filings to be open to public inspection to the fullest extent possible.")

   With respect to Exhibits G and H, the examples of repricing transmittals sent from Stratose to Kaiser and Queen's, Stratose seeks permission to redact from these documents the amounts of repricing discounts in order to "guard against improper, indirect disclosure of competitive rate information." (Supp. Mem. at 4.) Stratose argues that, by comparing the "repriced" amount with the total charge, a third party competitor might deduce the rate of discount provided by the relevant contractual agreements. (<u>Id.</u>) Stratose also seeks the Court's permission to redact patients' names and social security numbers, as required under the Health Insurance Portability and Accountability Act. (<u>Id.</u>) The Court finds that Stratose has

-8-

articulated compelling reasons to permit redacting of the rate information and personal patient information. The rate information constitutes sensitive business information that may be used by competitors to harm Stratose's competitive position. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978) (stating that courts may permit a document to be sealed if sealing is required to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing."); Foltz, 331 F.3d at 1137 (acknowledging that compelling reasons may exist where documents contain "confidential financial information and trade secrets"). Likewise, the need to protect medical privacy qualifies as a "compelling reason." G. v. Hawaii, CV 08-00551 ACK-BMK, 2010 WL 2607483, at *1 (D. Hawaii June 25, 2010); see also Lombardi v. TriWest Healthcare Alliance Corp., CV 08-02381, 2009 WL 1212170, *1 (D. Ariz. May 4, 2009) (allowing the defendant to file exhibits under seal where they contained "sensitive personal and medical information" (citing Kamakana, 447 F.3d at 1179)); Montin v. Ramsey, CV 08-3082, 2009 WL 2225621, *2 (D. Neb. July 16, 2009) (allowing a reply brief and exhibits to be filed under seal where they contained medical and treatment records); Skinner v. Ashan, CV 04-2380, 2007 WL 708972, *2 (D. N.J. Mar. 2, 2007) (observing that medical records "have long been recognized as confidential in nature").

-9-

Finally, for the same reason it seeks to redact certain provisions in the contracts themselves, Stratose seeks this Court's permission to redact those portions of its Memorandum in Support and Concise Statement of Facts that quote or make reference to the confidential and sensitive business information contained in Exhibits A, B, and C. For the reasons set forth above, the Court finds that there are compelling reasons to permit Stratose to redact from its Memorandum in Support of its Motion for Partial Summary Judgment and Concise Statement of Facts only the commercially sensitive rate information, and material terms of the contracts (Exhibits A, B, and C).

<u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Stratose's Ex Parte Motion For Leave to File Defendant Stratose, Inc.'s Motion for Partial Summary Judgment Under Seal. (Doc. No. 136.) The Court GRANTS the Motion to Seal as to Exhibits A, B, C, E, F, G, and H, as well as Stratose's Memorandum in Support of the Motion for Partial Summary Judgment and the Concise Statement of Facts. The Court ORDERS Stratose to remove the redactions to Exhibit A that were not included in Kaiser's Exhibit 9 (filed with this Court on April 26, 2013), and ensure Exhibits E and F are effectively redacted, and to file the redacted versions according to Local Rule 83.12. The Court DENIES the Motion to Seal as to the Motion for Partial Summary Judgment,

-10-

and Exhibits D, I, and J, as Stratose appears to have abandoned

its request to file those documents under seal.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawai‘i, March 24, 2014



                                        Alan C. Kay
                                        Senior United States District Judge

The Queen's Medical Center v. Kaiser Foundation Health Plan, Inc. et al., Civ.
No. 12-00565 ACK-KSC: Order Granting in Part and Denying in Part Defendant
Kaiser's Motion to Seal